

FILED & ENTERED

MAY 28 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAWN SHERRESE ROBINSON,<br><br>Debtor. | Case No. 2:13-bk-18723-RK<br><br>Chapter 7<br><br>SEPARATE STATEMENT OF DECISION ON EX PARTE MOTION OF DEBTOR TO RECONSIDER RAND MARLIS TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY |

By separate order, the court denies the ex parte motion of debtor Lisa Sherrese Robinson to reconsider Rand Marlis Trust's motion for relief from the automatic stay. This statement of decision sets forth the reasons for denial of the motion for reconsideration.

On May 21, 2013, the court conducted a hearing on the motion for relief from the automatic stay filed by debtor's landlord, Rand & Jane Marlis Family Trust, regarding the residential condominium rented by debtor from the landlord,

1  pursuant to 11 U.S.C. §362(d)(1) and (2), or to confirm that the stay was not in
2  effect pursuant to 11 U.S.C. § 362(b)(22).  At the hearing, the court heard from the
3  parties, including counsel for the movant and debtor who was self-represented.
4  After hearing from the parties, the court orally granted the motion that the stay was
5  not in effect pursuant to 11 U.S.C. § 362(b)(22), or that if it was, relief from stay
6  was appropriate pursuant to 11 U.S.C. § 362(d)(1) and (2).  Before any written
7  order was entered pursuant to the court's oral ruling, on May 23, 2013, debtor filed
8  the instant ex parte motion for reconsideration.  Because the motion for
9  reconsideration is procedurally and substantively deficient on its face, the court
10 dispenses with the need for any opposition by the landlord, the stay relief movant,
11 and with the need for oral argument, and now rules on the motion.

12         Debtor's motion for reconsideration should be denied because: (1) the
13 motion may not be considered ex parte because it violates Rule 9013-1 of the
14 Local Bankruptcy Rules, requiring notice and hearing on the motion 21 days in
15 advance of the hearing; (2) the motion for reconsideration asserts the same
16 grounds in opposition to the landlord's stay relief motion and cites no new
17 evidence, change in the law or other grounds which may constitute a proper basis
18 for reconsideration under Rule 9023 of the Federal Rules of Bankruptcy
19 Procedure, incorporating by reference, Rule 59 of the Federal Rules of Civil
20 Procedure; (3) in deciding whether or not automatic stay relief should be granted,
21 or whether the stay is in effect, this bankruptcy court only determines whether the
22 movant has a colorable claim to enforce a right against property of the bankruptcy
23 estate rather than determining the merits of any claim or defense of the movant or
24 the party opposing stay relief, *Veal v. American Home Mortgage Servicing, Inc.,*
25 *(In re Veal),* 450 B.R. 897, 914-915 (9th Cir. BAP 2011)(citations omitted); (4)
26 whether debtor has valid grounds to set aside a default judgment in the unlawful
27 detainer action of the landlord may be considered by the state court which entered
28 the judgment; (5) the landlord had a colorable claim to stay relief because (a) the

1 landlord presented evidence that debtor was delinquent in paying rent on the
2 condominium rented by debtor, (b) the landlord obtained an unlawful detainer
3 judgment from the state court prepetition against the debtor for possession of the
4 residential rental property, (3) the debtor made an ineffective tender of rent for
5 purposes of 11 U.S.C. § 362(b)(22) by tendered a rental payment check to the
6 court for the landlord for postpetition rent, which was not only insufficient in
7 amount, but was dishonored, *see also,* 11 U.S.C. § 362(l)(1)(A) and (B), and (c)
8 the debtor as a tenant has no equity in the subject property and the property is not
9 necessary for any reorganization of the debtor because this bankruptcy case is a
10 Chapter 7 liquidation case; and (6) debtor's moving and reconsideration papers do
11 not meet debtor's burden of proof under 11 U.S.C. § 362(g)(2)that stay relief
12 should be denied.

   Accordingly, the court denies debtor's ex parte motion for reconsideration.
   IT IS SO ORDERED.

                                    ###

Date: May 28, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER DENYING EX PARTE MOTION OF DEBTOR TO RECONSIDER RAND MARLIS TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **May 28, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor:
Dawn Sherrese Robinson
6400 Pacific Ave # 105
Playa Del Rey, CA 90293

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: